IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD J. NICHOLAS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SCOTT ARTHUR EVANS, Esq., et al., )<br>    Defendants. ) | C.A. No. 08-06 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 1] be denied and his complaint be dismissed without prejudice to Plaintiff's right to pay the filing fee of $350.00 before February 1, 2008.

**II.    REPORT**

Plaintiff, formerly an inmate incarcerated at the State Correctional Institution at Albion, presented this civil rights complaint, along with a request for leave to proceed *in forma pauperis*. Plaintiff lists as his address "165 Main Street, Building 30, Wernersville, PA" which is the Connewago Treatment Facility. See Nicholas v. Evans, 01:07-1716 (M.D. Pa. 2007). On the date of the filing of this lawsuit, Plaintiff had been paroled from the State Correctional Institution at Albion to a Community Correctional facility.

It is the plaintiff's status at the time he files suit that determines whether the Prison Litigation Reform Act applies. See Norton v. City Of Marietta, 432 F.3d 1145, 1150, (10th Cir. 2005); Witzke v. Femal, 376 F.3d 744, 750 (7th Cir. 2004); Cox v. Mayer, 332 F.3d 422, 424-25 (6th Cir. 2003); Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002); Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000); Greig v. Goord, 169 F.3d 165, 167 (2d Cir.1999)). See Ahmed v. Dragovich, 297 F.3d

1

201, 210 n.10 (3d Cir. 2002) ("[E]very court of appeals to have considered the issue has held that the PLRA does not apply to actions filed by former prisoners.").

In order to make this determination, this Court must look to the statute to determine whether Plaintiff meets the statutory definition of "prisoner" on the day this lawsuit was filed. "Our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." BedRoc Ltd., LLC v. U.S., 541 U.S. 176, 183 (2004) (internal citations omitted). The statute defines the term prisoner as "any person incarcerated or *detained in any facility* who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h)(emphasis added). Other courts have held that parolees and probationers can be "prisoners" within this statutory definition [Ruggiero v. County of Orange, 386 F.Supp.2d 434, 436 (S.D.N.Y. 2005)("[I]t is clear that a person may be held as a prisoner at a drug treatment campus. Such a facility may not be deemed to be a correctional facility, but that does not preclude a person held at the drug treatment campus from being labeled as a prisoner.") and Witzke v. Femal, 376 F.3d 744 (7th Cir. 2004)] and this Court concludes likewise. This Court also notes that as a matter of state law, a parolee remains in the legal custody and control of the Commonwealth until the expiration of the maximum sentence. Martin v. Pennsylvania Board of Probation and Parole, 576 Pa. 588, 840 A.2d 290, 293 (2003). So then, at the time of the filing of this action, Plaintiff was a "prisoner" detained at an "other correctional facility" thereby subjecting him to the requirements of the PLRA.

The PLRA provides:

> [i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, *on 3 or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g) (italics added).

Plaintiff has been a prolific advocate in this and other federal courts. Plaintiff has filed 30 cases in this Court alone. At least three of Plaintiff's prior lawsuits have been dismissed as

legally frivolous: Civil Action Numbers 06-98Erie, 06-112Erie, and 06-201Erie, all filed in the United States District Court for the Western District of Pennsylvania, and Civil Action Numbers 06-1414Scranton, 06-1478Scranton, and 06-1541Scranton, all filed in the United States District Court for the Middle District of Pennsylvania.

An indigent inmate may only overcome the "Three Strikes Rule" if he can show that he is under "imminent danger of serious physical injury." Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (interpreting imminent danger). Plaintiff has not specifically alleged such imminent danger, and his allegations in the present case relate to his underlying conviction and do not indicate that he is in any danger.

Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* should be denied and Plaintiff must pay the full filing fee before February 1, 2008, or risk dismissal of this action.

## III.    CONCLUSION

Because of these prior frivolous dismissals, and because Plaintiff has not alleged that he is in imminent danger of serious physical injury, it is recommended that Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 1] be denied and the complaint be dismissed without prejudice to Plaintiff's right to pay the full filing fee of $350.00 to the Clerk of Courts before February 1, 2008..

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                S/ Susan Paradise Baxter
                SUSAN PARADISE BAXTER
                Chief United States Magistrate Judge

Dated: January 10, 2008